UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR G. JUDY, AKA ARTHUR JUDY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 1226 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| BLATT, HASENMILLER, LEIBSKER, | ) | |
| AND MOORE LLC, AND JOHN AND JANE | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Arthur G. Judy alleges that Defendants Blatt, Hasenmiller, Leibesker and Moore LLC ("BHLM") along with John and Jane Does 1-10 violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505 *et seq.*, and the Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq.*, by prosecuting a collection lawsuit against him with no legal basis. BHLM now moves to dismiss Judy's FDCPA claims as time-barred, asks the court to decline to exercise supplemental jurisdiction over Judy's state law claims, and seeks sanctions under 28 U.S.C. § 1927, Rule 11 of the Federal Rules of Civil Procedure and the FDCPA, 15 U.S.C. § 1692k(a)(3).

### I. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d

629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct.1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl., Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

Judy contends that dismissal of a lawsuit on statute of limitations grounds is rarely appropriate because at the pleading stage "the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations." *Cole v. Noonan & Lieberman, Ltd.*, No. 05 C 67, 2005 U.S. Dist. Lexis 26045, at *8 (N.D. Ill. Oct. 26, 2005) (citing *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003)). In the wake of *Twombly* and *Iqbal*, however, the Seventh Circuit has re-evaluated the standard Judy cites, emphasizing that now "it is not enough for a complaint to avoid foreclosing possible bases for relief. The plaintiff must plead some facts that suggest a right to relief that is beyond the speculative level." *In re MarchFIRST, Inc.*, 589 F.3d

901, 905 (7th Cir. 2009) (upholding district court's dismissal for failure to file suit within the relevant statute of limitations period).

## II.  BACKGROUND

The FDCPA prohibits, *inter alia*, falsely representing the legal status of any debt; this is the crux of the wrong Judy alleges BHLM inflicted on him here.  *See* 15 U.S.C. 1692e(2)(a).  Specifically, Judy claims that BHLM knew or should have know that Judy was not a party to the credit card agreement that formed the basis for the state-court collection action (the "Collection Action") BHLM filed against him.  *See generally* Compl.  Moreover, Judy alleges that: he and his attorney had numerous conversations with BHLM where Judy or his attorney told BHLM that Judy was not a party to the credit card agreement that formed the basis for the Collection Action, but BHLM nonetheless "continued to prosecute the collection case against [Judy]" (*id*. ¶¶ 32, 34); he was forced to file a motion for summary judgment in the Collection Action (*id*. ¶ 37); his attorney was required to appear at five separate hearings related to the Collection Action (*id*. ¶ 35); BHLM never "produced a copy of any agreement or contract between Plaintiff and [a creditor] evidencing Plaintiff's agreement to pay" the relevant credit card debt (*id*. ¶ 38); and, finally, BHLM falsely reported information to credit reporting agencies.  *Id*. ¶ 46.

## III.  ANALYSIS

Judy filed this lawsuit on February 25, 2009, which BHLM contends was too late because the FDCPA requires that claims be brought "within one year from the date on which the violation occurs."  *See* 15 U.S.C. § 1692k(d).  The only discrete act in the Complaint specifically alleged to have fallen within this one-year period of limitations is

BHLM's dismissal of the Collection Action with prejudice, which occurred on February 26, 2008. This alleged violation is time-barred, according to BHLM, because two district courts have held that FDCPA suits based on unlawful prosecution of a collection action accrue when the collection action is filed, and "each procedural step in the course of a collection lawsuit" does not constitute a "'fresh' FDCPA violation." Mem. 3 (citing *Calka v. Kucker, Kraus & Bruh LLP*, No. 98 C 0990, 1998 WL 437151, at *3 (S.D.N.Y August 3, 1998); *Greski-Lesneiwicz v. Nationwide Credit, Inc.*, No. 07 C 2975 (N.D. Ill Oct. 26, 2007)). BHLM also relies on these cases to argue that the rest of the Complaint is time-barred because Judy's other allegations amount only to procedural steps in the Collection Action that accrued on March 19, 2007, the day BHLM filed the Collection Action. Compl. ¶¶ 35, 37, & Ex. D. According to this theory, the instant suit, filed nearly two years later on February 25, 2009, is time-barred. For his part, Judy urges to the contrary that the dismissal of the Collection Action on January 26, 2008 culminated a continuing violation of the FDCPA which accrued on that date, rendering the Complaint timely-filed in its entirety. Alternatively, Judy seeks tolling of the statute of limitations period based on equitable principles.

    **A.**    **Continuing Violation**

Where an FDCPA violation arises out of a collection lawsuit, the Seventh Circuit has not decided when the FDCPA's statute of limitations begins to run, though the circuit courts that have ruled on the issue agree that the clock starts when the allegedly wrongful litigation begins. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997); *Johnson v. Riddle*,

305 F.3d 1107, 1113 (10th Cir. 2002).[1] Here, BHLM filed the Collection Action on March 19, 2007 (*see* Compl., Ex. D) and Judy filed the instant suit nearly two years later on February 25, 2009. Under *Naas* and *Riddle*, then, Judy's suit would be time-barred to the extent he claims that the filing of the Collection Action was a violation of the FDCPA. Of course, these out-of-circuit holdings are only persuasive authority, but Judy has made no effort to show that they are unsound and the court does not independently find them so. Accordingly, on March 19, 2007 the statute of limitations began to run on Judy's claim that the filing of the Collection Action violated the FDCPA.[2]

As for whether the course of litigation may constitute a continuing violation of the FDCPA which accrued at the conclusion of BHLM's Collection Action against Judy, at least two district courts have ruled that it does not. *See Calka*, 1998 WL 437151, at *3; *Greski-Lesneiwicz*, No. 07 C 2975, slip op. at 3. The Seventh Circuit has not opined directly on this issue, but has clarified that statutes of limitations begin to run upon injury "and [are] not tolled by subsequent injuries," and has emphasized that the continuing violation doctrine applies narrowly where there is no violation at all until a series of non-actionable wrongs accumulate to form a cause of action. *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2007). For example, with workplace sexual harassment:

---

[1] Courts are split on whether filing the action or providing service to the purported debtor starts the clock. *Compare Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) *with Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002).

[2] The Complaint appends a copy of the Collection Action filed against Judy in state court, which indicates a filing date of March 19, 2007. Even were the court to follow the Tenth Circuit's rule and find that the statute of limitations began to run upon service of the Collection Action, it would make no difference because Judy filed his FDCPA complaint 364 days after the *conclusion* of the Collection Action. Moreover, by alleging that Judy's attorney was forced to file a motion for summary judgment and appear at five hearings, the Complaint makes clear – and Judy does not argue to the contrary in his response – that Judy was served well before BHLM dismissed the Collection Action.

> The first instance of a coworker's offensive words or actions may be too trivial to count as actionable harassment, but if they continue they may eventually reach that level and then the entire series is actionable. If each harassing act had to be considered in isolation, there would be no claim even when by virtue of the cumulative effect of the acts it was plain that the plaintiff had suffered actionable harassment.

*Id*. (internal citations omitted). Here, Judy alleges that he and his attorney had numerous conversations with BHLM where Judy or his attorney told BHLM that Judy was not a party to the credit card agreement that formed the basis for the Collection Action, but BHLM nonetheless "continued to prosecute the collection case against [Judy]." Compl. ¶¶ 32, 34. Judy additionally claims that he was forced to file a motion for summary judgment in the state Collection Action (Compl. ¶ 37), his attorney was required to appear at five separate hearings related to the Collection Action (Compl. ¶ 35), that BHLM never "produced a copy of any agreement or contract between Plaintiff and Chase evidencing Plaintiff's agreement to pay" the relevant credit card debt (Compl. ¶ 38) and, finally, that BHLM falsely reported information to credit reporting agencies. Compl. ¶ 46.

None of these violations is alleged to have arisen out of the accumulation of wrongful – but non-actionable – conduct, as required for the continuing violation doctrine to apply, and for Judy's claims to have accordingly accrued upon dismissal of the Collection Action. *See Limestone*, 520 F.3d at 801. To the contrary, the allegations amount to discrete wrongful acts committed during the course of the Collection Action, or violations that began at the inception of the Collection Action which continued through its dismissal. Taken individually, then, Most of the discrete acts are time-barred because they allegedly occurred over one year before Judy filed this suit. For instance,

6

Judy alleges that his attorney had conferences or conversations with BHLM attorneys on specific dates, August 13, 2007 and September 17, 2007. *See* Compl. ¶¶ 31 & 33. To the extent that Judy is alleging that in these conversations BHLM committed FDCPA violations,[3] those violations are time barred because Judy filed his complaint on February 25, 2009, more than one year after the conversations occurred.

The violations that began at the inception of the lawsuit but continued through dismissal are all time-barred because, as discussed above, the continuing violation doctrine is inapplicable to them and statutes of limitations begin to run upon injury "and [are] not tolled by subsequent injuries." *Limestone*, 520 F.3d at 801. For example, Judy's repeated allegations that BHLM "continued to prosecute" the Collection Action accrued at the filing of the Collection Action; that the wrongful action "continued" does not toll the statute of limitations. *See* Compl. ¶¶ 32, 34 & 36. Similarly, Judy's claim that BHLM never produced a copy of an agreement between Judy and the creditor accrued at least as early August 13, 2007 when Judy's attorney discussed the absence of such an agreement with BHLM.[4] *See id*. ¶ 31. That BHLM failed to produce such a document on every day thereafter until the dismissal of the suit does not toll the statute of limitations. *See Limestone*, 520 F.3d at 801.

Judy's brief does not specify how the *dismissal* of a collection action might be a violation of the FDCPA separate from the wrongful filing of a collection action, but neither does BHLM explain why a dismissal of the Collection Action does not violate the

---

[3] This is a generous reading of the Complaint, which states only that on those specific dates Judy's attorney had conversations with BHLM "regarding the absence of any proof of a credit card agreement between" the creditor and Judy. Compl. ¶ 31.

[4] The court also notes that Judy's claim that BHLM failed to produce an agreement between Judy and the creditor is the foundation of his basic claim that BHLM brought a Collection Action against him without a legal basis in violation of the FDCPA. Accordingly, this claim likely arose upon the filing of the Collection Action.

7

FDCPA as a matter of law. In any case, BHLM has argued that all of the allegations in the Complaint emanate from the initial filing of the Collection Action, and the court finds that the dismissal of the collection action is not alleged to be a violation of the FDCPA separate from the filing of the Collection Action, but the final manifestation of Judy's principal allegation that the Collection Action was wrongfully filed. Accordingly, all of the ongoing violations discussed above are time-barred because they began, and accrued upon, the filing of the Collection Action.

However, Judy's remaining allegations are not specifically alleged to have occurred outside the statute of limitations period and are not necessarily, as BHLM would have it, procedural steps incidental to the filing of the Collection Action. Specifically, the Complaint does not allege the dates when (1) Judy's attorney appeared on his behalf (Compl. 35); (2) Judy was "forced to draft and file a motion for summary judgment;"[5] and (3) BHLM falsely reported information to credit-reporting agencies. It is facially plausible, then, that these violations occurred within one year of the filing of the instant suit (February 25, 2009), because these violations might have taken place on February 25 or February 26, 2008, the day BHLM dismissed the collection action and the last day the Complaint alleges that a violation occurred.[6]

The question remains, however, whether these claims are alleged to be distinct from the course of the lawsuit such that they may constitute stand-alone FDCPA

---

[5] As discussed more thoroughly *infra*, The FDCPA broadly proscribes conduct that harasses, oppresses, or abuses "any person in connection with the collection of a debt." 15 U.S.C. §1692d. BHLM has not challenged, and the court accordingly assumes for purposes of resolving this motion, that "forcing" a defendant in a collection action to pay an attorney to file a motion for summary judgment and attend court hearings falls within the ambit of the statute.

[6] The court follows Rule 6(a)(1) of the Federal Rules of Civil Procedure to calculate the date on which the FDCPA's statute of limitations runs out. *See Matthews v. Capital One Bank*, 07 C 1220, 2008 WL 4724277, at *5 (S.D. Ind. Oct. 24, 2008) (citing *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002)).

violations. Judy's allegation that BHLM falsely reported information to credit reporting agencies, is plainly distinct from the filing and prosecution of the Collection Action and is therefore well-pled. The remaining two allegations, that Judy was forced to file a motion for summary judgment and that Judy's attorney had to appear in court on five occasions related to the Collection Action, present a closer question. Court appearances and the filing of dispositive motions might on their face appear, and discovery may prove them to be, incident to the prosecution of the Collection Action. But Judy's allegations are general and the FDCPA's prohibitions are broad, barring for instance, "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The FDCPA's scope means that mine-run litigation tactics may be abusive or "harassing" under the FDCPA. *See, e.g.*, *Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000) (finding, *inter alia*, that noticing a deposition for a wrongful purpose in the course of a collection action is a well-pled violation of the FDCPA severable from allegations that a collection action was wrongfully filed). Here, Judy has specifically alleged that he was "forced" (Compl. ¶ 37) to file for summary judgment, and the court finds this allegation sufficient to plead an FDCPA violation separate from the normal course of the Collection Action. As for the five attorney appearances, at this stage the court cannot say that it is facially implausible that BHLM took some actions precipitating those appearances that rendered the appearances harassing, or some other violation of the FDCPA. The court finds, accordingly, that these claims are distinct from the allegation that the Collection Action was wrongfully filed and prosecuted and that they are therefore well-pled.

Reasoning similarly, other district courts have also denied dismissal of FDCPA claims brought after the one-year anniversary of the filing of an allegedly wrongful collection action, but less than a year after the wrongful collection action's dismissal. *See Matthews v. Capital One Bank*, No. 07 C 1220, 2008 WL 4724227, at *5 (S.D. Ind. Oct. 24, 2008) (finding FDCA complaint brought after the one-year anniversary of the filing of an allegedly wrongful collection action (but prior to that action's dismissal) timely-filed at the pleading stage because it was "possible that plaintiffs' claims include violations of the FDCPA that occurred after the" allegedly wrongful collection actions were filed); *Hoang v. Worldwide Asset Purchasing, LLC*, No. 09-185-DRH, 2009 WL 3669883, at *2 (S.D. Ill. Nov. 2, 2009) (citing *Matthews*).

In an effort to save the bulk of the allegations in the Complaint Judy reformulates his continuing violation theory to argue that the dismissal of the Collection Action provided him with notice of BHLM's wrongful conduct; he contends that it was only upon dismissal of the Collection Action "that it was clear that . . . BHLM had no proof of a credit card agreement between Chase and Arthur Judy and no proof of any kind that Arthur Judy owed the alleged debt." Resp 8. In other words, Judy argues that BHLM's dismissal of the Collection Action with prejudice revealed to Judy that BHLM had misrepresented its ability to bring the suit throughout the course of the litigation, and therefore all his claims should accrue on the date the Collection Action was dismissed.

This argument is unavailing for a few reasons. First, Judy has pointed to no authority that states that Judy's knowledge of the violation is relevant to the issue of when the statute of limitations on FDCPA violations begins to run. The FDCPA specifies that suits must be brought "within one year from the date on which the violation

10

*occurs.*" 15 U.S.C. §1692k(d) (emphasis added).  At least one district court has reasoned from this language that the statute of limitations inquiry for FDCPA claims must focus on when "a violation is made, not when it is made known," and the court agrees with this analysis.  *Purnell v. Arrow Financial Servs., LLC*, No. 05 CV 73384, 2007 WL 421828, at *3 (E.D. Mich. Feb. 2, 2007).  Second, even assuming Judy's knowledge of the violation is relevant, the Complaint alleges that Judy knew all along that he was not a party to the debt that BHLM sought to collect against him.  *See, e.g.*, Compl. ¶ 23 ("After November 30, 2006 Plaintiff contacted BHLM and advised them that the alleged [debt] belonged to his deceased wife and that he was never a party to this debt.").  While the dismissal of the Collection Action might be construed to have provided Judy with additional certainty that he was not a party to the debt and that the prosecution of the Collection Action was therefore wrongful, Judy has provided no authority supporting the tolling of the statute of limitations on this basis and the court has not discovered any on its own.  Lastly, the dismissal of the Collection Action is alleged to be simply that; and nothing in the dismissal (appended to the Complaint as Exhibit E) makes a reference to the evidence BHLM had or did not have to support the filing of the Collection Action and neither does the Complaint allege that the dismissal provided Judy with notice of his claims.  The dismissal, then, is not itself alleged to have revealed that the prosecution of the Collection Action was wrongful.

     **B.**     **Equitable Tolling**

Finally, Judy argues that the doctrines of equitable tolling or equitable estoppel render his FDCPA suit timely filed.  *See* Resp. 7.  Equitable tolling "permits a party to delay filing his suit beyond the expiration of the limitations period if he could not

reasonably be expected to have done so sooner." *Springman v. AIG Marketing, Inc.*, 523 F.3d 685 (7th Cir. 2008). Even at this early stage, the Complaint makes plain that Judy cannot meet this standard, as he has alleged that he believed from the outset of BHLM's attempts to collect against him that he was not a party to the debt BHLM sought to collect on. This belief was enough to support filing suit against BHLM, and nothing in Judy's allegations about BHLM's subsequent conduct or his own actions suggests that Judy could not reasonably be expected to have filed this suit within the statute of limitations period.

Equitable estoppel is equally inapplicable as it "suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing . . . ." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 (7th Cir. 2009) (rejecting equitable estoppel argument and upholding district court's dismissal of plaintiff's complaint on statute of limitations grounds). "Classic examples [of active steps] include hiding evidence, destroying evidence, or promising not to plead the statute of limitations." *Id.* The Complaint comes closest to articulating such an allegation when it states that "BHLM never produced a copy of an agreement or contract between Plaintiff and Chase evidencing Plaintiff's agreement to pay Dolores Judy's aforementioned credit card account debt." Compl. ¶ 38. But the court cannot construe this statement to allege that BHLM took active "steps to prevent" Judy from bringing suit. *Cancer Found.*, 559 F.3d at 676. To the contrary, the lack of a document evincing that Judy was a proper party to the Collection Action is consistent with Judy's allegation that the Collection Action was wrongful because he was never a party to the debt BHLM sought to collect. Accordingly, based on Judy's own

pleading, equitable principles cannot remedy Judy's tardy filing of the FDCPA claims discussed in section III.A above.

### C.     State Law Claims

BHLM asks the court to decline to exercise supplemental jurisdiction over Judy's state-law claims, but that request was predicated on the dismissal of Judy's FDCPA claims.  Mem. 5.  As the court has decided to retain jurisdiction over some of Judy's federal claims it will exercise supplemental jurisdiction over Judy's state law claims as well.

### D.     Sanctions

Finally, BHLM seeks sanctions against Judy and his attorney based on 28 U.S.C § 1927, the FDCPA, 15 U.S.C. § 1692k(a)(3), and Rule 11 of the Federal Rules of Civil Procedure.  BHLM contends such sanctions are appropriate because it sent Judy a letter citing two district court cases that found FDCPA claims time-barred, but Judy nonetheless proceeded to file suit.  Section 1927 gives the court discretion to require an attorney who "unreasonably and vexatiously" multiplies the proceedings to "satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  The court's finding that portions of Judy's complaint are well-pled disposes of BHLM's argument that this case was brought unreasonably or vexatiously. For the same reason, the court finds that Judy's suit was not brought "in bad faith and for the purposes of harassment" under the FDCPA.  15 U.S.C. § 1692k(a)(3).  Lastly, the court denies BHLM sanctions under Rule 11 because Rule 11(c)(2) requires that a motion for sanctions "be made separately from any other motion."  Fed. R. Civ. P.

11(c)(2). BHLM has failed to satisfy this requirement, and its request for sanctions is denied.

## IV. CONCLUSION

BHLM's Motion to Dismiss is granted in part and denied in part. Portions of the Complaint are dismissed as set forth above. The court exercises supplemental jurisdiction over Judy's state law claims and declines to impose sanctions on Judy or his attorney. Judy is ordered to file an amended complaint twenty-eight days from the entry of this order that conforms with this ruling.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 29, 2010